INSTRUCTION NO. 1

Members of the jury, now that you have heard all the evidence and the arguments of the attorneys, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return – that is a matter entirely up to you.

INSTRUCTION NO. 2

The evidence from which you are to decide what the facts are

consists of:

(1)   the sworn testimony of any witness;

(2)   the exhibits which have been received into evidence; and

(3)   any facts to which the lawyers have agreed or stipulated.

INSTRUCTION NO. 3

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)  Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, have said in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)  Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)  Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

(4)  Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

INSTRUCTION NO. 4

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. 5

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)  the opportunity and ability of the witness to see or hear or know the things testified to;

(2)  the witness' memory;

(3)  the witness' manner while testifying;

(4)  the witness' interest in the outcome of the case and any bias or prejudice;

(5)  whether other evidence contradicted the witness' testimony;

(6)  the reasonableness of the witness' testimony in light of all the evidence; and

(7)  any other factor that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

INSTRUCTION NO. 6

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

INSTRUCTION NO. 7

Certain charts and summaries that have not been received in
evidence have been shown to you in order to help explain the
contents of books, records, documents, or other evidence in the
case.  They are not themselves evidence or proof of any facts.
If they do not correctly reflect the facts or figures shown by
the evidence in the case, you should disregard these charts and
summaries and determine the facts from the underlying evidence.

INSTRUCTION NO. 8

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

INSTRUCTION NO. 9

You should decide the case as to each party separately.

Unless otherwise stated, the instructions apply to all parties.

INSTRUCTION NO. 10

The parties have agreed to certain facts that have been

state to you.  This is known as a "stipulation."  You should

therefore treat these facts as having been proved.

INSTRUCTION NO. 11

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

INSTRUCTION NO. 12

The law which applies to this case authorizes an award of nominal damages.  If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.

INSTRUCTION NO. 13

Acts are done under color of law when a person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.  The parties have stipulated that the defendants acted under color of law.

INSTRUCTION NO. 14

On the plaintiff's conditions of confinement claim, the plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1.  the defendants acted with deliberate indifference;

2.  the defendants acted under color of law; and

3.  the conduct of the defendants caused harm to the plaintiff.

To establish deliberate indifference, the plaintiff must prove that the defendants knew that the Maurice Shaw faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to correct it.

If you find that each of the elements on which the plaintiff has the burden of proof has been proved, your verdict should be for the plaintiff.  If, on the other hand, the plaintiff has failed to prove any of these elements, your verdict should be for the defendants.

Plaintiff claims that the conditions of confinement of Maurice Shaw were improper based upon two theories.  First plaintiff claims that there was a failure to protect Maurice Shaw while he was confined given his mental condition.  Second, plaintiff claims that those who supervised Mr. Shaw were not properly trained, supervised or disciplined to oversee Mr. Shaw while confined at the San Joaquin County Jail.

INSTRUCTION NO. 15

On the plaintiff's inadequate medical care claim, the plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1.  the defendants acted with deliberate indifference to a serious medical need;

2.  the defendants acted under color of law; and

3.  the deliberate indifference of the defendants caused harm to the Maurice Shaw.

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.

"Deliberate indifference" is the conscious or reckless disregard of the consequences of one's acts or omissions.  To establish deliberate indifference, the plaintiff must prove that the defendants knew that the Maurice Shaw faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to correct it.  Mere medical malpractice or even gross negligence is not enough to establish deliberate indifference.

INSTRUCTION NO. 15 continued

If you find that each of the elements on which the plaintiff has the burden of proof has been proved, your verdict should be for the plaintiff.  If, on the other hand, the plaintiff has failed to prove any of these elements, your verdict should be for the defendants.

INSTRUCTION NO. 16

When a plaintiff is deprived of a constitutional right as a result of the official policy of a county, the county is liable for damages caused by the deprivation.

"Official policy" means:

1.  a rule or regulation promulgated, adopted, or ratified by the governmental entity's legislative body;

2.  a policy statement or decision that is officially made by the county's policy-making officials;

3.  a custom that is a permanent, widespread, well-settled practice that constitutes a standard procedure of the county; or

4.  an act or omission ratified by the county's policy-making official.

INSTRUCTION NO. 16A

Municipal liability under 42 U.S.C. section 1983 cannot be based on the actions or omissions of individual employees. Rather, municipal liability can be found only when a municipal policy or custom causes the alleged constitutional deprivation. It attaches where and only where a deliberate choice to follow a course of action is made from among various alternatives by the officials responsible for establishing final policy with respect to the subject matter in question.

INSTRUCTION NO. 16B

To establish liability for the death of a jail inmate,
plaintiff must demonstrate "deliberate indifference" on the part
of the defendants by showing:

1.   an unusually serious risk of self-inflicted harm;

2.   the defendants' actual knowledge of (or, at least,
willful indifference to) that elevated risk, and

3.   the defendants' failure to take obvious steps to
address that known, serious risk.

The risk, the knowledge, and the failure to do the obvious,
taken together, must show that the defendants were deliberately
indifferent to the harm that follows.  Negligence does not
establish a Constitutional violation.

INSTRUCTION NO. 17

At the time of the incident which gives rise to this case, Baxter Dunn was the policy-making official of the county of San Joaquin.

INSTRUCTION NO. 18

On the plaintiff's claim for failure to train, supervise and/or discipline the staff at the San Joaquin County Jail, the plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1.  the county's training program was not adequate to train, supervise and/or discipline its officers and employees to properly handle the usual and recurring situations with which they must deal;

2.  the county was deliberately indifferent to the need to train, supervise and/or discipline its officers and employees adequately; and

3.  the failure to provide proper training, supervision and/or discipline was the cause of the deprivation of the plaintiff's rights protected by the Constitution or laws of the United States.

"Deliberate indifference" is the conscious or reckless disregard of the consequences of one's acts or omissions.  To establish deliberate indifference, the plaintiff must prove that the defendant knew that the plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to correct it.

INSTRUCTION NO. 18 continued

If you find that each of the elements on which the plaintiff has the burden of proof has been proved, your verdict should be for the plaintiff.  If, on the other hand, the plaintiff has failed to prove any of these elements, your verdict should be for the defendants.

INSTRUCTION NO. 19

The first element of the Americans with Disabilities Act ("ADA") claim that the plaintiff must prove is that the Maurice Shaw had a recognized disability under the ADA.  A "disability" under the ADA is a mental impairment that substantially limits one or more of the major life activities of such individual.

The term mental impairment includes any mental or psychological disorder such as schizophrenia, mental retardation, organic brain syndrome, emotional or mental illnesses, and learning disabilities.

Major life activities are the normal activities of living which a non-disabled person can do with little or no difficulty, such as caring for oneself, performing manual tasks, walking, sleeping, seeing, hearing, speaking, breathing, learning, engaging in sexual relations, reproducing, interacting with others, and working.

A limitation is substantial if the disabled person is unable to perform the activity or is significantly restricted in doing so.

Factors to consider in deciding whether a major life activity is substantially limited include:

1.  the nature and severity of the impairment;

2.  the duration or expected duration of the impairment; and

INSTUCTION NO. 19 continued

3.  the permanent or long-term impact of the impairment.

INSTRUCTION NO. 20

If you find the plaintiff has a disability within the meaning of the ADA and was a qualified individual, and the plaintiff's disability was a motivating factor in the decision to deny plaintiff meaningful access to its services, programs, or activities of the public entity, then you must determine whether the defendant had a duty to provide a reasonable accommodation.

To establish the defendants' duty to provide a reasonable accommodation, plaintiff must prove, by a preponderance of the evidence, both of the following elements:

1.   (a) the plaintiff informed the defendants of the need for an accommodation due to a disability; or

(b) the defendants knew, or had reason to know:

(i) that the plaintiff had a disability;

(ii) that the plaintiff was unable to access services, programs, or activities of a public entity; and

(iii) that the disability prevented the plaintiff from requesting a reasonable accommodation.

and

2.   the defendants refused to provide for the disability related needs of Maurice Shaw.

INSTRUCTION NO. 21

Under section 504 of the Rehabilitation Act, plaintiff must prove the following elements by a preponderance of the evidence:

1.   Maurice Shaw had a disability for purposes of the Rehabilitation Act;

2.   He was "otherwise qualified" for the benefit he had been denied;

3.   He has been denied the benefits "solely by reason" of his disability; and

4.   The benefit is part of a "program or activity receiving Federal financial assistance."

INSTRUCTION NO. 22

The ADA broadly defines 'public entity' as 'any State or
local government and any department, agency, special purpose
district, or other instrumentality of a State or States or local
government.  This includes every possible agency of state or
local government.  Hence, the ADA applies to local law
enforcement agencies including county jails.

INSTRUCTION NO. 23

The law defines cause in its own particular way.  A cause of loss is something that is a substantial factor in bringing about a loss.

INSTRUCTION NO. 24

The plaintiff is the heir of Maurice Shaw and the real party in interest in this action.

If you find that plaintiff is entitled to recover against the defendants, you should award as damages, the sum, that under all the circumstances of the case, will be just compensation for the loss which plaintiff has suffered by reason of the death of her son, Maurice Shaw.

In determining this loss, you should consider the financial support, if any, which plaintiff would have received from the deceased except for the death, and the right to receive support, if any, which plaintiff has lost by reason of the death. This is economic damage.

The right of one person to receive support from another is not destroyed by the fact that the former does not need the support, nor by the fact that the latter has not provided it.

You should also consider:

1.  The age of the deceased and of the plaintiff;

2.  The health of the deceased and the plaintiff immediately prior to death;

3.  The respective life expectancy of the deceased and of the plaintiff;

INSTRUCTION NO. 24 continued

4.  Whether the deceased was kindly, affectionate or otherwise;

5.  The disposition of the deceased to contribute financially to support the plaintiff;

6.  The earning capacity of the deceased;

7.  The deceased's habits of industry and thrift; and

8.  Any other facts shown by the evidence indicating what benefits plaintiff might reasonably have been expected to receive from the deceased had he lived.

With respect to life expectancies, you should only be concerned with the shorter of the two, that of plaintiff or that of decedent, as one can derive a benefit from the life of another only so long as both are alive.

Also, you should award reasonable compensation for the loss of love, companionship, comfort, affection, society, solace or moral support. This is non-economic damage.

In determining the loss which plaintiff has suffered, do not consider:

1.  Any pain or suffering of the decedent;

2.  Any grief or sorrow of the plaintiff; or

3.  The poverty or wealth of plaintiff.

INSTRUCTION NO. 24 continued

Also, you should include in your award an amount that will compensate for whatever reasonable expense was paid out or incurred for funeral services in memory of the decedent and for burial of the body.  In determining that amount, you should consider the decedent's station in life and the financial condition of the estate, as these circumstances have been shown by the evidence.  This is economic damage.

INSTRUCTION NO. 25

You have heard evidence concerning Title 15 of the California Code of Regulations.  The California Board of Corrections has developed and maintains advisory guidelines for the operation of local jails in California based upon Title 15. You may consider those standards in evaluating the quality of medical care, and conditions of confinement in the San Joaquin County jail at the time Maurice Shaw was confined in that facility.

INSTRUCTION NO. 26

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach an agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change a honest belief about the weight and effect of the evidence simply to reach a verdict.

INSTRUCTION NO. 27

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

INSTRUCTION NO. 28

If it becomes necessary during your deliberations to communicate with me, you may send a note through the court security officer, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone, including me, how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

INSTURCTION NO. 29

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.