UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

VERDELLA SHAW, individually
and as a representative of the
ESTATE OF MAURICE SHAW,

      Plaintiff,

  v.

SAN JOAQUIN COUNTY, a
municipality; et al.,

      Defendants.

No. 2:01-cv-1668-MCE-PAN

ORDER

This case proceeded to a jury trial on January 4, 2006. On January 19, 2006, the jury reached a verdict in favor of Plaintiff and against Defendants San Joaquin County, Baxter Dunn ("Dunn"), and Robert Hart, M.D ("Hart"). Compensatory damages in the amount of $758,200 were awarded. Given the jury's finding that Defendants Dunn and Hart acted with deliberate indifference towards Plaintiff's decedent, Maurice Shaw, the jury reconvened on February 21, 2006 to consider whether punitive damages should be awarded against either Dunn or Hart. Following completion of the punitive damages portion of the trial, the jury awarded

1

Plaintiff an additional $100,000 as against Defendant Hart, only. All Defendants now move for a new trial under Federal Rule of Civil Procedure 59.

Defendants' primary argument in seeking a new trial rests with their contention that the verdict reached against them is contrary to the clear weight of the evidence. Defendants Dunn and Hart assert, on the basis of the evidence presented, that the jury simply could not have found that they acted with conscious disregard towards Maurice Shaw so to have made the requisite finding of deliberate indifference. Similarly, with respect to the liability of Defendant San Joaquin County, defense counsel further contends that the evidence adduced at trial was insufficient for the jury to have determined that there was a custom or practice on the County's part in ignoring inmates' rights that supported a verdict against the County pursuant to 42 U.S.C. § 1983.

Defendants also make several other arguments in favor of granting a new trial in this matter. They argue that the Court erred with respect to several evidentiary rulings. First, Defendants allege that the Court improperly failed to instruct the jury on a qualified immunity defense purportedly available to Defendants Dunn and Hart. Second, according to Defendants, the admission into evidence of the Institute of Medical Quality ("IMQ") Report was improper. Third, Defendants contend that the court should not have admitted evidence of other jail suicides during the initial liability phase of the trial. Finally, Defendants allege that in any event the compensatory damages awarded to Plaintiff were grossly excessive and amount to a

2

1  miscarriage of justice warranting a new trial.
2     With respect to Defendants' initial argument that the
3  verdict reached cannot be reconciled with the weight of the
4  evidence, a stringent standard must be applied by the Court.
5  Digidyne Corp. v. Data General Corp., 734 F.2d 1336, 1347 (9th
6  Cir. 1984).  A motion for new trial may be granted on this ground
7  only if the verdict is against the "great weight" of the evidence
8  or if "it is quite clear that the jury has reached a seriously
9  erroneous result."  Id., see also Venegas v. Wagner, 831 F.2d
10 1514, 1519 (9th Cir. 1987).  It would amount to an abuse of
11 discretion on the part of the court to grant a new trial on any
12 lesser showing, and the court cannot extend relief simply because
13 it would have arrived at a different verdict.  Silver Sage
14 Partner, LTD v. City of Desert Hot Springs, 251 F.3d 814, 818-19
15 (9th Cir. 2001).
16    The Court cannot grant a new trial given this rigorous
17 standard.  In its view, there was more than sufficient evidence
18 from which the jury could have reached its decision finding both
19 the County and the individual Defendants (Hart and Dunn) liable.
20 Evidence showed, for example, that all Defendants were well aware
21 that staffing levels at the San Joaquin County Jail, along with
22 medical supervision, training, and monitoring, were inadequate
23 and had been inadequate for some time.  Evidence further showed
24 that all Defendants knew of Maurice Shaw's condition, yet failed
25 to take necessary ameliorative measures despite Maurice Shaw's
26 rapidly deteriorating mental and emotional condition. Further,
27 defendants had knowledge that other emotionally unstable inmates
28 had succeeded in taking their own lives at the jail in the past.

Consequently Defendants' Motion for New Trial on grounds of insufficiency of the evidence must be denied.

Defendants' remaining arguments are equally unavailing. The Court's review of the record does not indicate that defense counsel even requested a jury instruction on the issue of qualified immunity. Even if such an instruction had been requested, however, as discussed in its ruling on the concurrently filed Motion for Judgment as a Matter of Law, the instruction would properly have been denied since the issue of qualified immunity should properly be made by the Court in this instance following the jury's factual determinations as to Defendants' conduct. Hence there was no error in failing to provide a qualified immunity instruction in any event. In addition, because the Court believes that the IMQ Report and evidence of other jail suicides were properly admitted into evidence given the circumstances of this case, no error occurred with respect to admission of materials falling into those categories.

As indicated above, Defendants argue as a final matter that even if a verdict in favor of Defendants may have otherwise been indicated, the amount of compensatory damages awarded were grossly excessive. The amount of the jury awarded damages should not be disturbed, however, unless the award is "grossly excessive or monstrous, clearly not supported by the evidence, or based only on speculation or guesswork." <u>Del Monte Dunes at Monterey, Ltd. v. City of Monterey</u>, 95 F.3d 1422, 1435 (9th Cir. 1996). Just as Defendants could not sustain their burden of proof in arguing that a finding of liability was against the clear weight

4

of the evidence, their similar attack against the amount of damages awarded must also fail.  The Court simply cannot determine that the compensatory damages awarded here were beyond all reason, as it is required to do in order to reject the jury's award of such damages.

For all these reasons, Defendants' Motion for New Trial is hereby DENIED.

IT IS SO ORDERED.

DATED: May 17, 2006

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE