UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

VERDELLA SHAW, individually
and as a representative of the
ESTATE OF MAURICE SHAW,

No. 2:01-cv-1668-MCE-PAN

          Plaintiff,

     v.                                     ORDER

SAN JOAQUIN COUNTY, a
municipality; et al.,

          Defendants.

----oo0oo----

     This case proceeded to a jury trial on January 4, 2006.  On

January 19, 2006, the jury reached a verdict in favor of

Plaintiff and against Defendants San Joaquin County, Baxter Dunn,

and Robert Hart, M.D.  Compensatory damages in the amount of

$758,200 were awarded.  Given the jury's finding that Defendants

Dunn and Hart acted with deliberate indifference towards

Plaintiff's decedent, Maurice Shaw, the jury reconvened on

February 21, 2006 to consider whether punitive damages should be

awarded against either Dunn or Hart.  Following completion of the

punitive damages portion of the trial, the jury awarded Plaintiff

an additional $100,000 as against Defendant Hart, only.  All Defendants now move for Judgment as a Matter of Law under Federal Rule of Civil Procedure 50(b).

Rule 50(b), by its terms, allows a party, after trial, to "renew" a motion for judgment as a matter of law "made at the close of all the evidence."  A party cannot raise arguments in its post-trial Rule 50(b) motion that it did not raise beforehand in a Rule 50(a) motion offered during trial itself.  See Freund v. Nycomed Amersham, 347 F.3d 752, 761 (9th Cir. 2003).  A Rule 50(a) motion tests the sufficiency of the evidence offered in support of a party's claims.  Keenan v. Computer Assocs. Int'l, 13 F.3d 1266, 1268-69 (8th Cir. 1994).  Judgment as a matter of law is proper if that evidence, construed in the light most favorable to the moving party, allows only one reasonable conclusion.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-51, 255 (1986).  A motion for judgment as a matter of law should be granted only if the facts and inferences point so strongly and overwhelmingly in favor of one party that a decision in that party's favor is mandated.  See Seven-Up Co. v. Coca-Cola Co., 86 F.3d 1379, 1387 (5th Cir. 1996).

As a preliminary matter, it must be noted that Plaintiff disputes whether Defendants have even met the procedural prerequisites for maintaining their Rule 50(b) motion.  According to Plaintiff, the Rule 50(a) motion made by defense counsel on the record (at the close of all evidence in the compensatory damages portion of the case) was not sufficiently specific to preserve any subsequent right to renew a post-trial request for judgment as a matter of law.  Plaintiff points to the Reporter's

2

Partial Transcript for January 13, 2006 (Exhibit "B" to her
Opposition), which demonstrates that defense counsel simply made
a Rule 50(a) motion as to each count set forth in the Complaint.
While he offered to provide further specifics in support of that
request, the Court did not permit further argument before
proceeding to deny the motion.  It found that there was a legally
sufficient basis by which a reasonable jury could find in
Plaintiff's favor on each of the claims asserted.

        Defendants adequately preserved their right to a renewed
request for judgment as a matter of law at least with regard to
the compensatory damages portion of this case.  With respect to
whether the initial Rule 50(a) motion provides adequate notice of
the specific contentions being made, rigid application of the
notice requirement has been deemed inappropriate.  Courts have
instead looked to the context in which the pre-verdict motion was
made and the actual understanding of the parties involved in
determining whether the preliminary motion was adequate.  See
Anderson v. United Tel. Co., 933 F.2d 1500, 1503-04 (10th Cir.
1991).  Consequently the Court rejects Plaintiff's argument that
the instant motion is procedurally barred.

        Turning now to the merits, the instant Motion for Judgment
as a Matter of Law is substantially similar to Defendants'
concurrently pending Motion for New Trial.  Both motions raise,
as a primary basis for granting relief, the argument that no
evidence was presented sufficient to impose liability on either
Defendant County of San Joaquin or the individual Defendants,
Baxter Dunn and Robert Hart, M.D.  The Court summarily rejects
that argument, just as it rejected the analogous contention made

1   in the Motion for New Trial.  The evidence adduced at trial was
2   sufficient to impose liability on all the Defendants and that
3   evidence clearly did not point overwhelmingly to a verdict
4   contrary to that reached by the jury herein.

5        The second argument posited by Defendants Dunn and Hart is
6   that both are entitled to qualified immunity, and that by virtue
7   of such immunity Plaintiff cannot state an actionable claim
8   against either Dunn or Hart.  While Defendants argued in their
9   Motion for New Trial that a jury instruction should have been
10  provided to permit determination by the jury as to whether or not
11  qualified immunity should be extended, qualified immunity is
12  ordinarily a question of law for the court to decide.  See Hunter
13  v. Bryant, 502 U.S. 224, 227 (1991).  Where factual
14  determinations must be made as a prerequisite to assessing the
15  viability of a qualified immunity defense, however, the court may
16  be unable to decide the immunity question prior to the jury's
17  determination as to the facts.  See Idaho v. Horiuchi, 253 F.3d
18  359, 376 (9th Cir. 2001).  Whether or not the judge or the jury
19  should ultimately determine qualified immunity once disputed
20  foundational facts have been decided by the jury is an issue as
21  yet unresolved by the Ninth Circuit.  See Ninth Circuit Manual of
22  Model Civil Jury Instructions (2001), Comment to Instruction
23  11.3, citing Sloman v. Tadlock, 21 F.3d 1462, 1467-68 (9th Cir.
24  1994).

25       In this case, the propriety of qualified immunity could not
26  be established until after the jury characterized Defendants'
27  conduct vis-a-vis Maurice Shaw's care.  The jury specifically
28  found 1) that all Defendants were deliberately indifferent to Mr.

4

Shaw's rights by failing to provide him with needed medical care; 2) that all Defendants were also deliberately indifferent by failing to protect Mr. Shaw; and 3) that deliberate indifference on the part of all Defendants was further demonstrated by their failure to properly train, supervise and/or discipline employees at the San Joaquin County Jail at the time of Mr. Shaw's incarceration.  (See Verdict, Question Nos. 3-5).  Those findings established the individual Defendants' liability under 42 U.S.C. § 1983, since deliberate indifference on the part of individual governmental defendants is a necessary prerequisite to such liability.  Estate of Novack v. County of Wood, 226 F.3d 525, 529 (7th Cir. 2000).

Determination of the Eighth and Fourteenth Amendment constitutional issues applicable in a Section 1983 analysis like this one may nonetheless not be dispositive as to whether qualified immunity is applicable.  In Saucier v. Katz, 533 U.S. 194 (2001), the Supreme Court made it clear that qualified immunity must be determined separately from the constitutional issues presented.  Even if county officials like Defendants Dunn and Hart were deliberately indifferent for constitutional purposes, whether or not they may have had a reasonable, albeit mistaken, belief as to the propriety of their actions is the cornerstone for adjudication of whether immunity should be applied.  Id. at 202, 205; see also Estate of Ford v. Ramirez-Palmer, 301 F.3d 1043, 1048-49 (9th Cir. 2002).

Before even reaching the question of whether the individual Defendants' conduct was reasonable, however, in order to establish qualified immunity a clearly established

5

constitutionally protected right must have been violated in the first place.  A right is "clearly established" when its contours are "sufficiently clear that a reasonable official would understand that what he is doing violates that right." Brady v. Gebbie, 859 F.2d 1545, 1556 (9th Cir. 1988), citing Anderson v. Creighton, 483 U.S. 635, 640 (1987).

Under the Eighth Amendment's bar against cruel and unusual punishment, prisoners have long been deemed to possess a constitutional right to medical care, and that right is violated when prison doctors or officials are deliberately indifferent to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 103-04 (1976); Carnell v. Grimm, 74 F.3d 977, 979 (9th Cir. 1996) (persons in custody have the established right to not have officials remain deliberately indifferent to such needs).  The duty to provide medical care extends to inmates' psychiatric needs. Cabrales v. County of Los Angeles, 864 F.2d 1454, 1461 (9th Cir. 1988), vac'd, 490 U.S. 1087 (1989), opinion reinstated 886 F.2d 235 (9th Cir. 1989), cert. denied, 494 U.S. 1091 (1990).

In this case, the gravity of Maurice Shaw's serious medical and/or emotional needs cannot be disputed.  In light of those needs, a reasonable prison psychiatrist in Dr. Hart's position or prison administrator in Mr. Dunn's position should have been well aware of Shaw's need for acute psychiatric care.  Indeed, the jury's findings as to deliberate indifference underscore that knowledge both as it affects Defendant's duty to provide care for and to protect Shaw while in custody.  Even Defendants, in arguing for the application of qualified immunity, focus not on the clearly established nature of the constitutional violations

at issue in this case, instead arguing that even in the face of
those rights immunity may still be available if reasonable
officials in Hart and Dunn's positions may not have realized that
their acts or omissions actually violated Shaw's constitutional
rights under the circumstances of this case.

Given the jury's findings, the Court rejects Defendants'
contention that reasonable correctional officials could have
acted as Defendants Dunn and Hart did in this case.  The jury's
findings were made in the context of evidence suggesting that Mr.
Dunn and Dr. Hart were specifically made aware of serious
shortcomings at the San Joaquin County jail affecting the safety
and welfare of inmates with psychiatric issues like Mr. Shaw, and
the Court consequently finds that no reasonable official in the
position of either Defendant Dunn and Hart could have believed
that their actions in managing and/or overseeing inmate care
passed legal muster.

The final argument advanced in this motion concerns
Defendant Hart's argument that the imposition of punitive damages
against him was improper as a matter of law.  This contention
does raise the issue of whether Hart preserved his right to make
the present Rule 50(b) motion by making the foundational Rule
50(a) request before the trial's actual conclusion.  The only
Rule 50(a) motion identified by Defendants concerns the request
made, on January 17, 2006, at the close of all evidence in the
initial compensatory damages portion of the trial.  (See
Defendant's Opening Points and Authorities, 6:25-28).  That
request, however, would not have preserved a Rule 50(b) request
pertaining to the second, punitive damages portion of the trial

conducted on February 21, 2006.  Defendants have produced no evidence that a Rule 50(a) motion was offered during that stage of the proceedings, as they must to now "renew" a motion with respect to the propriety of punitive damages under Rule 50(b). Hence Defendant Hart is precluded from now raising at Rule 50(b) with respect to the punitive damages assessed against him.

The result would be no different, however, upon consideration of the Rule 50(b) request on its merits.  The jury had ample evidence from which it could have reasonably determined that assessment of punitive damages against Defendant Hart was warranted.

For all the reasons outlined above, Defendants' Motion for Judgment as a Matter of Law is DENIED.

IT IS SO ORDERED.

DATED: May 18, 2006

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

8